# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mr. and Mrs. A., on their own behalf and as Next Friends of A.A.

**DEFENDANTS**
Ledyard Board of Education, Et al

**(b)** County of Residence of First Listed Plaintiff: New London
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New London
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Emily Graner Sexton, Esq.
Julia Conlin, Esq.

Attorneys *(If Known)*
Mark J. Sommaruga, Esq.
Pullman & Comley

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [x] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. 1400 et seq.
Brief description of cause:
Complaint for Attorney's Fees in administrative action pursuant to the Individuals with Disabilities Education Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $281,711.25

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 29, 2023
SIGNATURE OF ATTORNEY OF RECORD: *Emily Graner Sexton*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Mr. and Mrs. A. on their own behalf,** | : | **Civil Action No. 23-cv-1693** |
| **and as Next Friends of A.A.,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Ledyard Board of Education,** | : | |
| **Jason S. Hartling, Superintendent,** | : | |
| **in his official capacity, Alexander Rode** | : | |
| **Board of Education Chairperson, in his** | : | |
| **official capacity, Jodi Davis, Director** | : | |
| **of Student Services, in her official capacity** | : | |
| | : | |
| **Defendants** | : | **December 29, 2023** |

# COMPLAINT

### I. Preliminary Statement

1. This action is brought by Mr. and Mrs. A. on their own behalf and on behalf of their son, A.A., and seeks reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act (hereinafter IDEA), 20 U.S.C. 1400 et seq., incurred as the result of the due process proceedings in the present matter and the Hearing Officer's Final Decision and Order dated November 14, 2023. <u>See</u> attached Exhibit A.

### II. Jurisdiction

1. This court has jurisdiction pursuant to 20 U.S.C. 1415(i)(2) and (3).

### III. Parties

1. A.A. is a student with a disability who resides with his parents, Plaintiffs Mr. and Mrs. A. (hereinafter "Parents"), in Ledyard, Connecticut.

2. Defendant Ledyard Board of Education (hereinafter "Board") is established by the laws of the State of Connecticut with the responsibility of providing public education, including special education, to disabled children residing in Ledyard pursuant to the laws of the State of Connecticut.  Defendant Jason S. Hartling is the Superintendent of Ledyard Public Schools (hereinafter LPS), Alexander Rode is the Chairman of the Ledyard Board of Education, and Jodi Davis is the Director of Student Services. The defendants are each sued in their official capacities.

3. The Board receives federal funds from various sources, including the United States Department of Education, pursuant to the IDEA, 20 U.S.C. 1401 et seq., and 34 C.F.R. 300.1 et seq.

### IV. Factual Allegations

4. On February 18, 2023, the Parents filed a due process complaint/hearing request, and the State Department of Education Hearing Officer Kelly Moyher was appointed on February 22, 2023.  A prehearing conference took place on March 2, 2023, and the hearing itself took place on the following days in 2023: April 25, April 27, May 4, May 9, May 11, May 17, June 13, June 21, August 24, August 29, September 15, September 20, September 22, September 29, and October 11.

5. The issues presented to the Hearing Officer were:

   a. Was the Student provided with a Free Appropriate Public Education (hereinafter FAPE) for the 2021-22 and 2022-23 school years, including Extended School Year services (hereinafter ESY) for 2021 and 2022?

   b. If not, is placement at Oxford Academy (including board) the appropriate placement for the Student for the 2022-23 and 2023-24 school years?

   c. Are the Parents entitled to reimbursement for their unilateral placement of the Student at Oxford Academy for the second half of the 2022-23 school year, including ESY for 2023?

   d. Should LPS be ordered to place the Student at Oxford Academy for the 2023-23 school year including ESY for 2024?

   e. Is the Student entitled to compensatory education and/or any other remedy deemed appropriate by the Hearing Officer?

   f. Are the Parents entitled to attorney's fees?[1]

6. These issues were properly raised by the parents at a Planning and Placement Team meeting held by the Board prior to commencing the due process hearing.

7. In a Final Decision and Order dated November 14, 2023 (see Exhibit A), the Hearing Officer held that the Student was denied FAPE for the 2021-22 and

---

[1] Although this Court, rather than the hearing officer, has the authority to award attorney's fees; see 20 U.S.C. § 1415(i)(3); the Parents included this issue to put the Board on notice of their intent to pursue such fees in this Court. Consistent with relevant legal precedent, the hearing officer declined to award attorneys' fees. See *Mr. B. v. E. Granby Bd. of Educ.*, 201 Fed. Appx. 834, 837 (2d Cir. 2006) ("it would have been inappropriate for the hearing officer to have [awarded attorneys' fees], as the award of attorneys' fees is a district court function").

3

2022-23, including ESY for 2021 and 2022, and that Oxford Academy (including board) was the appropriate placement for the Student for the second half of the 2022-23 school year and the 2023-24 school year. The Hearing Officer, therefore, ordered that the Parents be reimbursed for their unilateral placement for the Student at Oxford Academy for the second half of the 2022-23 school year, including ESY for 2023, and ordered LPS to place the Student at Oxford Academy for the 2023-24 school year, including ESY for 2024.

8. The Hearing Officer further ordered that the Parents be reimbursed for private therapy provided to the Student from May 1, 2022 through the date of the Hearing Officer's decision, November 14, 2023.

9. The Hearing Officer additionally ordered that the Parents be reimbursed for the cost of Orton Gillingham (hereinafter O.G.) instruction from Blueprint Learning from November of 2021 through November 14, 2023, and that LPS pay for two sessions per week with Blueprint Learning for O.G. reading instruction through August 1, 2024, as compensatory education to help compensate for the Student's reading deficits that resulted from the denial of FAPE.

10. Finally, the Hearing Officer ordered that the Parents be reimbursed for the costs associated with the 2022 neuropsychological re-evaluation of the Student.

11. By virtue of the Hearing Officer's decision, the Plaintiffs are the prevailing party in the final decision in their special education hearing. To wit, the plaintiffs were awarded full relief on each of their claims, their relationship with LPS was materially altered to their advantage by the decision, and that alteration was not technical in nature.

12. The Board failed to issue a formal offer of judgment prior to the commencement of the hearing.

13. Sexton & Company, LLC, is a private law firm that provides legal representation to families with children with disabilities in special education matters.

14. Attorney Emily Graner Sexton, of Sexton & Company, LLC, represented the plaintiffs in this matter, including throughout all proceedings related to the due process hearing.

15. Attorney Julia Conlin, also of Sexton & Company, LLC, assisted Attorney Graner Sexton in her representation of the plaintiffs.

16. Attorneys Graner Sexton and Conlin were administratively supported by Tarra Baron, a paralegal at Sexton & Company, LLC.

17. As of December 19, 2023, the plaintiffs' have incurred $281,711.25 in legal fees by Sexton & Company, LLC, in connection with its representation of them throughout the due process hearing, its related proceedings, and the enforcement of the hearing officer's decision. See attached Exhibit B.

18. Sexton & Company's fees are reasonable and in line with the prevailing rate charged by Connecticut law firms in regard to special education matters. See attached Exhibit C.

19. Pursuant to the IDEA and on behalf of the Parents, in correspondence dated December 19, 2023, Attorney Graner Sexton requested from the Board attorneys' fees totaling $281,711.25.

20. The Board has not yet paid any portion of the requested attorney's fees.

WHEREFORE, Plaintiffs pray for the following relief:

A. That this court assume jurisdiction over this matter.

B. That, pursuant to the IDEA, this Court award Plaintiffs reasonable attorneys' fees of $281,711.25 for representation provided in the special education matter of A.A. as of December 19, 2023, as well as reasonable attorneys' fees and costs incurred in the bringing of this present action.

C. That the Court award any other relief deemed just and proper.

                              Plaintiffs,

                          By  /s/ Emily Graner Sexton

Emily Graner Sexton, Esq.
Julia Conlin, Esq.
Attorney for the Plaintiffs
Sexton & Company, LLC
363 Main Street, 3rd Floor
Hartford, CT 06106
egsexton@sextoncolaw.com
tel. (860) 325-0073
fax (860) 838-6801
Federal Bar No. CT 22786

6